IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FOLAKE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-814 (RDA/WBP) |
| ) | |
| SAP/SAP NS 2, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge William B. Porter on July 15, 2025, and on the Objection thereto filed by *pro se* Plaintiff Folake Martin. Dkts. 6, 7. For the reasons that follow, the Court approves and adopts the Recommendation and overrules the Objection.

### I. BACKGROUND

Plaintiff, proceeding pro se, filed a Complaint in this Court on May 12, 2025. Dkt. 1. In this case, Plaintiff alleges retaliation and termination of employment under Title VII of the Civil Rights Act of 1964. On the same day, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). Dkt. 3. On May 15, 2025, Judge Porter issued a Proposed Finding of Fact and Recommendation, recommending denial of Plaintiff's Motion to File IFP. Dkt. 6. On May 29, 2025, Plaintiff filed his objection to Judge Porter's recommendation. Dkt. 7.

### II. STANDARD OF REVIEW

A district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.").

District courts may authorize civil actions to commence "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of assets." 28 U.S.C. § 1915(a)(1); *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). Thus, *in forma pauperis* status is available to a party who can declare to the Court through an affidavit that he cannot, "because of his poverty, pay or give security for the costs and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).

## III. ANALYSIS

As an initial matter, Judge Porter found that "Plaintiff's application d[id] not satisfy the standard to proceed [IFP]" because per her application, her "spouse's total average income was $16,478.00 per month over the last year," Plaintiff and her spouse had "$7,200.00 in their checking and savings accounts," and further Plaintiff owns a home and two vehicles. Dkt. 6 at 1 (citing Dkt. 3 at 1-2).

Plaintiff filed an objection to Judge Porter's Recommendation, asserting that both Plaintiff and her spouse are unemployed, and he is only receiving an income of $358 dollars per month. Dkt. 7 at 1. Yet, Plaintiff's Application to Proceed IFP notes that Plaintiff's spouse made over $16,000 per month during the past 12 months between employment and unemployment payments. Dkt. 3 at 1-2. The application further notes that Plaintiff and her spouse have $5,000 in cash and over $7,000 in bank accounts. *Id.* at 2. Accordingly, this Court agrees with Judge Porter's Recommendation that Plaintiff's financial situation does not warrant the opportunity to proceed

with the matter IFP, because it appears per the application that she can pay the Court's filing fee and still be able to provide for herself. The Court, however, notes that Plaintiff's objection is well taken and it is possible that Plaintiff filled out the IFP form incorrectly noting her and her spouse's annual income rather than their monthly income.

## IV. CONCLUSION

For these reasons, the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 6), and DENIES Plaintiff's Motion for Leave to Proceed IFP without prejudice; and it is

FURTHER ORDERED that Plaintiff's Objection (Dkt. 7) is OVERRULED; and it is

FURTHER ORDERED that, if Plaintiff seeks to amend the Motion to Proceed IFP, Plaintiff is DIRECTED to file a new motion with the correct financial information, within fourteen (14) days of this Order. If Plaintiff fails to file an amended Motion to Proceed IFP by that date, then Plaintiff is hereby WARNED that her Complaint may be dismissed for failure to pay the filing fee or proceed IFP or failure to prosecute pursuant to Rule 41.

The Clerk is directed to send a copy of this Order to Plaintiff.

It is SO ORDERED.

Alexandria, Virginia
July 16, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

3